**FILED**

**AUGUST 16, 2005**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**F I L E D**

AUG 1 6 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| Robert Gilbert, | ) | JUDGE RONALD GUZMAN |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | **05C 4699** |
| | ) | |
| Illinois State Board of Education, an agency of | ) | |
| the State of Illinois; Dr. Robert E. Schiller, | ) | MAGISTRATE JUDGE DENLOW |
| Superintendent Illinois State Board of | ) | |
| Education; Dr. Andrea Brown; Mr. Dean | ) | |
| Clark; Dr. David Field; Mr. Edward Geppert; | ) | |
| Dr. Vinni Hall; Ms. Brenda Holmes; Ms. Joyce | ) | |
| Karon; Mr. Jesse t Ruiz, Chairman; Dr. | ) | |
| Christopher Weir; the Honorable Judge Sophia | ) | |
| Hall; Honorable Justice Alan J. Greiman; | ) | |
| Honorable Justice Mary Jane Theis; Mr. | ) | |
| Jonathan Furr; High School District 211, | ) | |
| | ) | |
|     Defendants | ) | |
| | ) | |

### COMPLAINT FOR INJUNCTIVE RELIEF

Now comes Plaintiff, Robert Gilbert, by and though his attorneys, Robert A. Wolf
and John W. Norris, and complaining against Defendants, states as follows:

### Jurisdiction and Venue

1.    This court has federal question jurisdiction over this claim pursuant to 28 U.S.C.
Sections 1331 and 1343, as plaintiff is claiming violations of his federal rights as secured

by the Fourteenth Amendment to the U.S. Constitution guaranteeing that he shall not be deprived of property without due process of law, and 42 U.S.C. Section 1983. Venue is proper within this district and court in that all actions complained of herein took place within this district.

## Parties

2.     Plaintiff, Robert Gilbert, is and at all times material has been a resident of Chicago, Illinois.

3.     Defendant Hall is a judge of the Circuit Court of Cook County, Illinois. She is being sued in her individual capacity.   At all times relevant, Defendant Hall was acting under color of state law

4.     Defendants  Alan J. Greiman and Mary Jane Theis are justices of the Illinois Appellate Court. They are being sued in their individual capacities. At all times relevant, Defendants and were acting under color of state law.

5.     Defendant Illinois State Board of Education is an agency of the State of Illinois charged, in part, with overseeing and administering procedures promulgated by state statute and administrative rule concerning the discharge from employment of tenured teachers in the State of Illinois.

6.     Defendants  Dr. Robert E. Schiller, (Superintendent Illinois State Board of Education); Dr. Andrea Brown; Mr. Dean Clark; Dr. David Field; Mr. Edward Geppert; Dr. Vinni Hall; Ms. Brenda Holmes; Ms. Joyce Karon; Mr. Jesse t Ruiz, Chairman; Dr. Christopher Weir are members of the Illinois State Board of Education. They are being

2

sued in their individual capacities. At all times relevant, Defendants were acting under color of state law.

7.  Defendant Jonathan Furr is the Chief Legal Advisor to the Illinois State Board of Education. He is being sued in his individual capacity. At all times relevant, defendant Furr was acting under color of state law.

8.  Defendant Board of Education of High School District 211 was, at all times relevant, plaintiff's employer and is being named herein should the court determine that it is a necessary party to this action pursuant to Federal Rules of Civil Procedure Rule 19.

**Cause of Action**

9.  At all times relevant, Mr. Gilbert was employed by High School District 211 as a teacher.

10.  Due to his length of continuous, satisfactory service with the District 211, Mr. Gilbert had acquired tenure status pursuant to applicable Illinois law contained in the Illinois School Code, specifically, section 24-12 of that Code.

11.  Having acquired tenured status, Mr. Gilbert acquired a property interest in his employment and in his continued employment with District 211 which could not be extinguished without due process of law.

12.  District 211 brought charges for dismissal against Mr. Gilbert in an attempt to terminate his employment.

13.  Mr. Gilbert wished to contest the charges and requested of the Illinois State Board of Education that it appoint a hearing officer to conduct a hearing on the charges.

14. The Illinois State Board of Education appointed Ms. Angela Murphy, Esq. to hear and preside over the matter of the charges.

15. Pursuant to state law and regulations, to uphold and sustain the discharge of Mr. Gilbert, District 211 was required at hearing to prove its claimed causes for discharge against Mr. Gilbert by a preponderance of evidence.

16. Pursuant to state law and regulations, Mr. Gilbert, in defending against the charges and evidence brought and adduced by District 211, was to have the opportunity to testify in his own behalf, call witnesses to testify on his behalf, and produce evidence on his behalf.

17. At hearing, the evidence and testimony presented solely by District 211 consumed forty (40) full and partial days of hearing.

18. At the close of District 211's case, Mr. Gilbert filed a motion with the hearing officer asking for judgment in his favor and for an order dismissing the charges and reinstating him to employment.

19. After briefing by both sides, the hearing officer granted Mr. Gilbert's motion on two separate grounds and ordered Mr. Gilbert reinstated to employment.

20. District 211 appealed this decision to the Circuit Court of Cook County.

21. The above referenced appeal on administrative review was heard by Defendant Hall.

22. Defendant Hall overturned one of the hearing officer's stated grounds for ordering Mr. Gilbert's reinstatement but upheld the other. As a result, defendant Hall also ordered the reinstatement of Mr. Gilbert to employment.

23. District 211 appealed this decision to the Illinois Appellate Court.

4

24.    In a decision dated August 21, 2003 Defendants Greiman and Theis (as well as the late Justice Hartman) issued a decision which upheld the lower court on its decision overturning one of the hearing officer's grounds for reinstating Mr. Gilbert, but overturned the lower court as to its grounds sustaining its order of reinstatement. The Appellate Court concluded by stating that Mr. Gilbert's discharge was "reinstated".

25.    Mr. Gilbert sought reconsideration and a rehearing from the Illinois Appellate Court but that was denied.

26.    While Mr. Gilbert believed that the order reinstating his dismissal was clear enough in that it would require continuation of his due process hearing which had terminated upon the granting of his motion for judgment at the end of the District's case, Mr. Gilbert was also concerned about the potential ambiguity of said order.

27.    As a result, Mr. Gilbert sought clarification from the Illinois Appellate Court to confirm the fact that his due process hearing should be reinstated to give him an opportunity to present his defense to the charges; the Appellate Court refused to clarify its order.

28.    Mr. Gilbert sought review by the Illinois Supreme Court, but that, too, was denied.

29.    The Appellate Court remanded the matter back to defendant Hall in the Circuit Court of Cook County.

29.    On remand before Defendant Hall, Mr. Gilbert requested that she order the State Board of Education to re-convene the hearing so as to give Mr. Gilbert an opportunity to present testimony, witnesses and evidence in his own behalf to contest the charges brought against him.

30.    Defendant Hall refused to order the State Board of Education to re-convene Mr.
Gilbert's due process hearing afforded him pursuant to the Illinois School Code, despite
the fact that he had not had any opportunity to present testimony witnesses or evidence in
his own behalf in contest of the charges brought against him by District 211.

31.    Defendant Hall's refusal to order the resumption of Mr. Gilbert's due process
hearing in order to give him an opportunity to contest the charges brought against him
and to present evidence, testimony and witnesses in his behalf denied Mr. Gilbert his
right to due process and deprived him of his property without due process of law.

32.    Defendant Hall's refusal to order the resumption of Mr. Gilbert's discharge hearing
was done knowingly and intentionally and with utter and reckless disregard for Mr.
Gilbert's federally protected right to due process.

33.    Also, while on remand before Defendant Hall, Mr. Gilbert requested of the Illinois
State Board of Education and its legal advisor, Defendant Furr, that they re-convene the
hearing so as to give Mr. Gilbert an opportunity to present testimony, witnesses and
evidence in his own behalf to contest the charges brought against him, as is required by
the Illinois School Code.

34.    Despite having the power, authority and obligation to do so, Defendants State
Board of Education, its individual members, and its Legal Advisor, defendant Furr, failed
and refused to resume and reconvene the due process hearing afforded Mr. Gilbert
pursuant to section 24-12 of the Illinois School Code so that Mr. Gilbert could have an
opportunity to contest the charges brought against him and to present evidence, testimony
and witnesses in his behalf.  This failure and refusal to reconvene and resume Mr.

Gilbert's due process hearing denied Mr. Gilbert his right to due process and deprived him of his property without due process of law.

35.    Defendants State Board of Education, its individual members' and legal advisor's refusal to resume and reconvene Mr. Gilbert's discharge hearing was done knowingly and intentionally and with utter and reckless disregard for Mr. Gilbert's federally protected right to due process.

36.    The failure of Justices Greiman and Theis to order the resumption and reconvening of the statutorily mandated 24-12 hearing denied Mr. Gilbert of his right to due process and further deprived him of his property without due process.    The justices' failure and refusal to order the resumption of the statutorily mandated section 24-12 hearing was done knowingly and intentionally and with utter and reckless disregard for Mr. Gilbert's federally protected right to due process.

37.    As a result of the actions and inactions taken by defendants, Mr. Gilbert has been denied his right of due process to protect maintain his property interest in his employment in that he has been denied any opportunity to contest charges brought against him and has been denied the basic right of being able to present testimony in his own behalf, present witnesses in his own behalf, and present evidence on his own behalf.

38.    Without the issuance of a mandatory injunction requiring the resumption of the Section 24-12 hearing, Mr. Gilbert's property interest in his employment will have been extinguished without him having been afforded due process of law as is required by the Constitution.

7

Wherefore, Mr. Gilbert prays for judgment in his favor against all Defendants, for the issuance of a mandatory injunction requiring defendants to convene or order the reconvening of Mr. Gilbert's Section 24-12 hearing, for an award of attorneys' fees, and for any other relief this court might deem just, equitable or appropriate.

By _____

John W. Norris
Wolf & Norris
155 N. Michigan Avenue
Chicago, Illinois 60601
Illinois ARDC Number 3127542
Attorney for Gilbert
312-616-4233