

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT GILBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 4699 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| ILLINOIS STATE BOARD OF ) | |
| EDUCATION, an Agency of the State of ) | |
| Illinois; DR. ROBERT E. SCHILLER, ) | |
| Superintendent of the Illinois State Board ) | |
| of Education; DR. ANDREA BROWN; ) | |
| MR. DEAN CLARK; DR. DAVID FIELD; ) | |
| MR. EDWARD GEPPERT; DR. VINNI HALL; ) | |
| MS. BRENDA HOLMES; MS. JOYCE ) | |
| KARON; MR. JESSE RUIZ, Chairman of the ) | |
| Illinois State Board of Education; ) | |
| DR. CHRISTOPHER WEIR, ) | |
| HONORABLE JUDGE SOPHIA HALL; ) | |
| HONORABLE JUSTICE ALAN J. GREIMAN; ) | |
| HONORABLE JUSTICE MARY JANE ) | |
| THEIS; MR. JONATHAN FURR; ) | |
| HIGH SCHOOL DISTRICT 211; THE STATE ) | |
| OF ILLINOIS, through the Person of the ) | |
| Attorney General of the State of Illinois, ) | |
| Lisa Madigan, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Robert Gilbert, a former tenured teacher at Palatine High School, has sued the State of Illinois, one of its agencies, the Illinois State Board of Education ("Board"), its chief legal advisor, as well as members of the Board in their individual capacities, several Illinois trial and appellate court judges, and High School District 211 ("District 211") pursuant to 42 U.S.C. § 1983 for allegedly depriving him of his property interest in his job without procedural due process of law in violation of his Fourteenth Amendment rights. Defendants have moved to

dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] For the reasons provided in this Memorandum Opinion and Order, the Court grants in part and denies in part the motion.

## Facts

Gilbert, a tenured teacher, appeared before a hearing officer appointed by the Board on the District 211's charges for dismissal. (Compl. ¶¶ 12-15.) District 211 presented evidence and testimony during the course of over forty full and partial days of hearing. (*Id.* ¶ 17.) During this hearing, Gilbert was not provided an opportunity to testify, call witnesses, or present evidence on his behalf. (*Id.* ¶ 16.) At the close of District 211's presentation, Gilbert moved for a judgment in his favor to dismiss the charges and reinstate him, and the parties submitted briefs on the motion. (*Id.* ¶ 18.) The hearing officer granted Gilbert's motion on two separate grounds and reinstated Gilbert. (*Id.* ¶ 19.)

District 211 appealed the hearing officer's ruling to the Circuit Court of Cook County. (*Id.* ¶ 20.) Judge Sophia Hall overruled one of the hearing officer's stated grounds for dismissal of the charges, but she affirmed the other stated ground and ordered that Gilbert be reinstated. (*Id.* ¶ 22.)

District 211 appealed the trial court's ruling to the Illinois Appellate Court. (*Id.* ¶ 23.) Judges Greiman, Theis, and Hartman affirmed the trial court's ruling overturning one of the hearing officer's grounds for reinstatement, but reversed the trial court's ruling that the other

---

[1]The Court does not address issues not properly before it on the instant motion to dismiss the complaint, such as whether a hypothetical amended complaint would survive a motion to dismiss.

2

stated ground for reinstatement was valid. (*Id.* ¶ 24.) The appellate court reversed the Board's decision in its entirety and remanded the cause to the circuit court with directions to reinstate the District's termination of Gilbert from his employment. (*Id.* ¶¶ 25, 30.)

Gilbert requested that the appellate court reconsider the ruling because he believed that the order reinstating his dismissal should also require continuation of his due process hearing, but that request was denied. (*Id.* ¶¶ 26-28.) Gilbert then petitioned for leave to appeal to the Illinois Supreme Court, but it denied his petition. (*Id.* ¶ 29.)

On remand, Gilbert requested that Judge Hall order the Board to re-convene the due process hearing to give him an opportunity to testify and present witnesses and evidence on his behalf. (*Id.* ¶ 32.) Judge Hall denied his request and entered an order reinstating Gilbert's dismissal indicating that she felt she could only follow the express directions of the appellate court. (*Id.* ¶¶ 33-34.) Judge Hall also indicated that the Board could act if it felt it had the authority to do so. (*Id.* ¶ 34.)

Gilbert asked the Board to reconvene his due process hearing, but on April 2005, the Board determined that, despite its concern that Gilbert had not been given his right to a fair hearing, it did not have the authority to act, given the appellate court action unless the appellate court had remanded the case with specific instructions to that effect. (*Id.* ¶¶ 36-37.) Gilbert sued defendants in the instant lawsuit.

## Discussion

There are two kinds of Federal Rule of Civil Procedure ("Rule") 12(b)(1) motions: those that attack the sufficiency of the jurisdictional allegations and those that attack the factual basis

for jurisdiction. Facial attacks, such as in this case, are subject to the same standard as motions pursuant to Rule 12(b)(6) motions; that is, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *See United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). When dealing with factual attacks, the Court may consider affidavits and other evidence in deciding the motion. *Id.* In either case, the burden of proving that jurisdiction exists rests with the plaintiff. *Id.*

In Count I, Gilbert alleges that all of the defendants deprived him of his right to due process, and he seeks an injunction requiring that his due process hearing be reconvened. In Count II, he alleges that the Illinois School Code, 105 Ill. Comp. Stat. 24-12 *et seq.*, and Illinois administrative review laws, 735 Ill. Comp. Stat. 5/3-101 *et seq.*, as applied in his particular case, deprived him of his due process rights, and he seeks the same injunctive relief as well as a declaration that these laws as applied to him are unconstitutional.

## I. State of Illinois and the Board

As an initial matter, Gilbert's claims against the State of Illinois and the Board are barred by the Eleventh Amendment to the U.S. Constitution. *See Kashani v. Purdue Univ.*, 813 F.2d 843, 845 (7th Cir. 1987). Accordingly, the Court grants defendants' motion to dismiss as to these defendants for lack of jurisdiction, and they are dismissed from the case without prejudice.

4

## II. Count I

Next, defendants move to dismiss Count I based on the *Rooker-Feldman* abstention doctrine.[2] The *Rooker-Feldman* doctrine precludes the federal district court's exercise of jurisdiction over the review of decisions of state courts. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923); *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) ("Federal district courts . . . are empowered to exercise original, not appellate, jurisdiction."). "The only federal court possessing such authority is the Supreme Court of the United States." *Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 701 (7th Cir. 1998). Thus, "[l]itigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then to the Supreme Court." *Id.* at 702.

To determine whether *Rooker-Feldman* applies, the crucial question is "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996). To this end, courts "have recognized a distinction between 'a federal claim alleging injury caused by a state court judgment' and 'a federal claim alleging a prior injury that a state court failed to remedy.'" *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999) (quoting *Centres*,

---

[2]Defendants agree with plaintiff that *Rooker-Feldman* does not bar Count II because Gilbert's claim "that the administrative code and the Illinois School Code are unconstitutional have nothing to do with the Circuit Court and Illinois Appellate Court decision, and the manner in which the decision was rendered." (Mem. Supp. Defs.' Rule 12(b)(1) & (b)(6) Joint Mot. Dismiss 20.) "It is, however, axiomatic that '[n]o court may decide a case without subject matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction.'" *Wisc. v. Ho-Chunk Nation*, 463 F.3d 655, 661 (7th Cir. 2006) (quoting *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000)). Accordingly, the Court must determine for itself whether jurisdiction is wanting as to Count II.

5

148 F.3d at 702). Courts are "precluded from considering the former, but not the latter, under the *Rooker-Feldman* doctrine." *Id.*

In other words, "if the injury which the federal plaintiff alleges resulted from the state court judgment itself, then *Rooker-Feldman* controls, and the lower federal courts lack jurisdiction over the claim." *Kamilewicz*, 92 F.3d at 510. "It does not matter that the state court judgment might be erroneous or even unconstitutional. Nor does it matter that the time for appeal to the United States Supreme Court may have passed." *Id.*

The Court asks, if it were not for the Illinois Appellate Court's ruling on the merits of his termination and reinstating his termination, would Gilbert have a claim for a violation of his due process rights? The answer is no. Gilbert argued that the appellate court's decision reinstating his dismissal deprived him of a due process hearing both in his motion for clarification before the Illinois Appellate Court and petition for leave to appeal to the Supreme Court of Illinois. This tends to establish that the cause of Gilbert's due process injury was the Illinois Appellate Court's ruling. This is not a case in which the plaintiff's federal claim alleges a prior injury that a state court failed to remedy because Gilbert had been a winner at the administrative hearing level. His injury occurred when the Illinois Appellate Court ruled on the merits of the charges against Gilbert and reinstated his termination, rather than reinstating his termination proceedings. (*See Twp. High Sch. Dist. 211 v. Ill. State Bd. of Educ.*, Nos. 1-02-1465, 1-02-2243 at 22-23 (Ill. App. Ct. Apr. 27, 2004).) Although Gilbert argues that he is not seeking to overturn the Illinois Appellate Court's ruling, his complaint belies that argument in that he: (1) has sued the appellate judges for reinstating his termination and failing to amend the ruling after he requested clarification, as well as the circuit court judge for complying with the appellate ruling (Compl. ¶¶

2, 3, 25, 26, 34);[3] (2) alleges that "the order reinstating his dismissal should require continuation of his due process hearing that had terminated upon granting of his motion for judgment at the end of the District's case" (*id.* ¶ 27); and (3) states that "the appellate court's action constituted a re-writing [of] the rules" (*id.* ¶ 51). It is clear from these allegations that Gilbert takes issue with the way in which the state courts treated the administrative appeal.

Gilbert argues that his constitutional injury was not complete until the Board denied his request for a due process hearing after the case was remanded to the Board. However, the Board denied the request solely because it felt it had no authority to hold a hearing given the appellate court's express directions to reinstate District 211's dismissal of Gilbert. *Cf. O'Malley v. Litscher*, 465 F.3d 799, 803 (7th Cir. 2006) ("[C]arrying out a state court's decision is not an independent violation of the Constitution."). Based on the unique facts of this case, a determination of Gilbert's due process claim in Count I requires this Court to review the propriety of the appellate court's ruling. Try as it might, the Court cannot plausibly separate his

---

[3]As one scholar has noted:

> The most common situation in which courts have found they lack jurisdiction under *Rooker-Feldman* involves a losing state court defendant who sues not only the state court plaintiff but also the state court judge (and sometimes other new parties as well). Since the harm alleged in the federal suit does not arise from the same transaction as the original state suit, it is a new claim and ordinarily will not be barred by res judicata principles. Indeed, the federal claim--which seeks to rectify the harm done by the state suit itself--could not have been brought in the original suit. This is especially obvious when the federal court plaintiff sues the state court judge; the cause of action did not even arise until the state suit was terminated unfavorably.

Suzanna Sherry, *Judicial Federalism in the Trenches: the* Rooker-Feldman *Doctrine in Action*, 74 Notre Dame L. Rev. 1085, 1093 (1999).

due process claim based on the Board's decision from that based on the appellate court's decision.

Although the Court is mindful that *Rooker-Feldman* does not apply to the determinations of state administrative agencies, this is not a case in which the loser in the initial state administrative proceedings sought relief in federal district court rather than availing itself of the state appellate remedy. *See Van Harken v. City of Chi.*, 103 F.3d 1346, 1348-49 (7th Cir. 1997). In this case, the loser in the state administrative proceedings, District 211, appealed to the state court the hearing officer's grant of Gilbert's motion for directed verdict. The appellate court reversed, rather than upheld, the state agency's decision. Thus, *Rooker-Feldman* applies because the state appellate remedy was utilized and, as discussed above, it is the appellate court's decision to reinstate Gilbert's dismissal, not the state agency's carrying out the state court's decision, that caused Gilbert's injury.

In sum, Count I is precluded by *Rooker-Feldman* because this Court lacks subject matter jurisdiction. Because the Court concludes that *Rooker-Feldman* applies, the Court need not, and more importantly, *must not* address defendants' other affirmative defenses as to Count I. *See Centres*, 148 F.3d at 703 ("Because the *Rooker-Feldman* doctrine is jurisdictional in nature, its applicability ends the litigation in federal court and the court has no authority to address affirmative defenses, including res judicata.")

### III. Count II

In Count II, Gilbert alleges that: (1) the appellate court violated his due process rights when it re-wrote the Illinois School Code and administrative review law; and, in the alternative,

(2) if the appellate court acted within the authority of these statutes, the statutes are unconstitutionally vague in violation of the U.S. Constitution because they do not put an ordinary person of reasonable intelligence on notice that requesting the equivalent of a directed verdict at an administrative hearing constitutes a waiver of the due process hearing itself. Gilbert seeks an injunction requiring defendants to reconvene his due process hearing or, in the alternative, a declaration that the statutes are unconstitutional. To the extent that Count II seeks an injunction requiring defendants to reconvene his hearing, which thus asks the Court to overturn the appellate court's decision, the Court grants defendants' motion to dismiss Count II for the same reasons discussed as to Count I. However, to the extent that he seeks a declaration that the statutes are unconstitutionally vague, *Rooker-Feldman* does not bar the claim because a challenge to these statutes does not involve a challenge to a ruling on their application. *See Feldman*, 460 U.S. at 487; *Buckley v. Ill. Judicial Inquiry Bd.*, 997 F.2d 224, 227 (7th Cir. 1993).

Gilbert has sued District 211 and the following persons in their individual capacity: the Illinois appellate and circuit court judges, the Board members, and the Board's attorney. Defendants argue that because declaratory relief, which is the only relief Gilbert seeks that is not barred by *Rooker-Feldman*, is only available against individuals sued in their official capacity, the complaint fails to state a claim as to any of the defendants sued in his or her individual capacity. Defendants also argue that Count II is barred by res judicata or collateral estoppel. The Court addresses each in turn.

## A. Defendants Sued in Their Individual Capacity

Defendants argue that because Gilbert solely sues the individual defendants in their individual capacity, the complaint fails to state a claim for declaratory relief. "[A] declaration that the defendant's policy is unconstitutional . . . can be obtained only from the defendants in their official capacities, not as private individuals." *Dertz v. City of Chi.*, 912 F. Supp. 319, 328 (N.D. Ill. 1995); *see Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991); *Feit v. Ward*, 886 F.2d 848, 857 (7th Cir. 1989).

In Count II, Gilbert seeks a declaratory judgment that the Illinois administrative review and school code statutes are unconstitutionally vague. However, he explicitly sues the judges,[4] the Board members and the Board's attorney in their individual capacities only. Accordingly, the complaint fails to state a claim as to these defendants and Count II is dismissed without prejudice as to them.

## B. District 211

The only defendant remaining as to Count II is District 211. Defendants argue that res judicata and collateral estoppel bar the claims in Count II. The Court notes that it would have been useful if defendants, in arguing that preclusion applies, had separately addressed the issue raised in Count I, whether he was denied due process by the reinstatement of his dismissal, and

---

[4]Defendants also argue that the judges, who are sued in their individual capacity, are entitled to absolute judicial immunity. However, because the only relief Gilbert seeks that is not barred by *Rooker-Feldman* is declaratory and the plain language of section 1983 does not bar declaratory relief, judicial immunity does not bar Gilbert's claims against the judges for declaratory relief. 42 U.S.C. § 1983 (explicitly barring injunctive relief in certain circumstances but omitting any mention of declaratory relief).

the issue raised in Count II, whether the Illinois Administrative Review Act and School Code are unconstitutionally vague.

"The federal courts are required to give state court judgments 'the same full faith and credit . . . as they have by law or usage in the courts of such State.'" *Pirela v. Vill. of N. Aurora*, 935 F.2d 909, 911 (7th Cir. 1991) (quoting 28 U.S.C. § 1738). To determine if res judicata or collateral estoppel is appropriate, courts examine: (1) "whether the law of the state in which the prior judgment is rendered would give that judgment preclusive effect against the claims asserted in the federal action;" and (2) "whether the party against whom preclusion is asserted had a full and fair opportunity in the state proceedings to litigate the claims." *Welch v. Johnson*, 907 F.2d 714, 719 (7th Cir. 1990) (res judicata); *see Allen v. McCurry*, 449 U.S. 90, 101 (1980) (collateral estoppel).

In order for *res judicata* to apply under Illinois law, there must be: "(1) identity of the parties or their privies in the two suits; (2) identity of causes of action in the prior and current suit[s]; and (3) a final judgment on the merits in the prior suit." *Schlangen v. Resolution Trust Corp.*, 934 F.2d 143, 146 (7th Cir. 1991). If all three conditions are met, "[i]ssues actually raised in the first proceeding as well as issues that might have been raised may not be relitigated in a subsequent proceeding." *Powers v. Arachnid, Inc.*, 617 N.E.2d 864, 867 (Ill. App. Ct. 1993).

In this case, the first prong is satisfied because Gilbert and District 211 were parties to the proceedings before the state courts. However, because the Court finds that the second prong is not, res judicata does not bar Count II.

To determine the identity of causes of action in the prior and current suits, Illinois employs the transactional test, under which "separate claims will be considered the same cause of

action for purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (Ill. 1998). "Res judicata should be applied only . . . to facts and conditions as they existed at the time judgment was entered." *Dowrick v. Vill. of Downers Grove*, 840 N.E.2d 785, 791 (Ill. App. Ct. 2005), *appeal denied*, 850 N.E.2d 807 (Ill. 2006). "[M]aterial operative facts occurring after the decision of an action with respect to the same subject matter may in themselves, or taken in conjunction with the antecedent facts, comprise a transaction which may be made the basis of a second action not precluded by the first." *Id.*

The final judgment on the merits of the Board's appellate review proceedings (and Gilbert's defenses thereto) occurred when the appellate court reversed the Board's decision to reinstate him. *See Nye v. Nye*, 105 N.E.2d 300, 303 (Ill. 1952) (stating that where appellate court reverses and remands with directions, its judgment is the final judgment); *see generally Larkins v. Terminal R.R. Ass'n of St. Louis*, 122 Ill. App. 246 (Ill. App. Ct. 1905), *aff'd*, 77 N.E. 678 (Ill. 1906) (stating that where the appellate court "has reversed a judgment for causes going to the merits and the reversal shows an intention finally to decide the case upon the merits, such judgment is final one upon the facts constituting the cause of action and has all the characteristics necessary to constitute it res judicata"). Prior to that final judgment, however, the facts that formed the basis for his claim that the Administrative Review Act and the School Code were unconstitutionally vague did not yet exist, *see supra* n.2. Thus, although the appellate court's reversal finally disposes of the issues raised on administrative review and all issues that were or could have been offered to sustain or defeat the administrative appeal, it cannot finally dispose of

issues that did not exist and therefore could not have been raised before the final judgment. Therefore, res judicata does not apply.

For collateral estoppel to apply under Illinois law, the party invoking the doctrine must establish that: "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Gumma v. White*, 833 N.E.2d 834, 843 (Ill. 2005). "[C]ollateral estoppel does not apply to issues which were not actually decided . . . in the prior action." *Lael v. Warga*, 508 N.E.2d 1095, 1099 (Ill. App. Ct. 1987).

Gilbert has not alleged that he raised his vagueness challenge to the Illinois School Code and Administrative Review Act in any state proceeding. Accordingly, there was no prior occasion to rule on the issues and collateral estoppel cannot bar Count II. Further, the allegations in Count II are sufficient to state a claim against District 211 that the particular provisions of the Illinois School Code and Administrative Review Act do not put an ordinary person of reasonable intelligence on notice that requesting the equivalent of a directed verdict at an administrative hearing constitutes a waiver of a due process hearing itself. Of course, at this point in the litigation, the Court does not address the merits of Count II, but it merely finds that the allegations are adequate to put District 211 on notice of the claims against it.

In sum, the Court holds that Illinois law would not give the appellate court's judgment preclusive effect against the claims asserted in Count II because neither res judicata nor collateral estoppel applies. Thus, the Court need not reach the issue whether Gilbert had a full and fair opportunity in the state proceedings to litigate the claims.

## Conclusion

For the reasons stated above, the Court grants in part and denies in part defendants' joint motion to dismiss [doc. no. 22]. The Court dismisses: (1) Count I without prejudice for lack of jurisdiction; (2) all claims against the State of Illinois and the Board without prejudice for lack of jurisdiction; (3) Count II in part without prejudice for lack of jurisdiction to the extent that it seeks an injunction requiring defendants to reconvene his hearing; and (4) Count II without prejudice against the judges, the Board members and the Board's attorney sued in their individual capacity. The Court denies the motion as to Gilbert's claims against District 211 in Count II.

**SO ORDERED.**     ENTERED: 3/30/07

HON. RONALD A. GUZMAN
United States District Judge