# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT GILBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 4699 |
| v. ) | |
| ) | |
| ILLINOIS STATE BOARD OF ) | Judge Robert M. Dow, Jr. |
| EDUCATION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' motion to dismiss [75] and supplemental motion to dismiss [94] Plaintiff's Third Amended Complaint. For the following reasons, the Defendants' supplemental motion to dismiss [94] is granted and the initial motion to dismiss [75] therefore is denied as moot.

**I.  Background**

    **A.  Facts**

Plaintiff Robert Gilbert ("Gilbert") was employed by High School District 211 ("District 211") as a tenured teacher. Third Am. Compl. ¶¶ 8, 9. District 211 brought charges for dismissal against Gilbert to terminate his employment. *Id*. ¶ 11. Gilbert wished to contest the charges and requested that the Illinois State Board of Education ("ISBE") appoint a hearing officer to conduct a hearing on the charges. *Id*. ¶ 12. The ISBE appointed Ms. Angela Murphy, Esq. to preside over the hearing. *Id*. ¶ 13. At the administrative hearing, which took place over forty full and partial days, only District 211 presented evidence. *Id*. ¶ 16. At the close of District 211's case, in February 2001, Gilbert filed a motion with the hearing officer requesting judgment in his favor and an order dismissing the charges and reinstating his employment. *Id*. ¶ 17. After

briefing by both sides, the hearing officer granted Gilbert's motion on two separate grounds and ordered Gilbert reinstated to employment. *Id.* ¶ 18.

District 211 appealed the decision of the hearing officer to the Circuit Court of Cook County. Third Am. Compl. ¶ 19.[1] The administrative review appeal was heard by Judge Sophia Hall. *Id.* ¶ 20. Judge Hall overturned one of the hearing officer's grounds for ordering reinstatement, but upheld the other. *Id.* ¶ 21. Accordingly, Judge Hall ordered Gilbert's employment at District 211 reinstated. *Id.*

District 211 appealed to the Illinois Appellate Court. Third Am. Compl. ¶ 22. On August 21, 2003, the Appellate Court affirmed the trial court's decision to overturn one of the hearing officer's rationale for reinstating Gilbert, but reversed the trial court's decision as to the other ground, overturning the lower court's order of reinstatement. *Id.* ¶ 23.[2] The Appellate Court concluded by stating Gilbert's discharge was "reinstated." *Id.* ¶ 24. Gilbert sought rehearing and clarification in the Appellate Court, specifically asking whether he could continue the administrative hearing. *Id.* ¶¶ 28-29. Those requests were denied. *Id.* ¶¶ 28, 30. Gilbert then filed a petition for leave to appeal to the Illinois Supreme Court, which also was denied. *Id.* ¶ 31. Gilbert did not seek further review in the Supreme Court of the United States.

The Appellate Court remanded the matter to the Circuit Court of Cook County. Third Am. Compl. ¶ 32. On remand, Gilbert asked Judge Hall to order the ISBE to re-convene for further hearing so that Gilbert could present evidence on his behalf. *Id.* ¶ 33. Judge Hall denied the request to remand to the ISBE for further hearing on the ground that her jurisdiction was limited by the scope of the Appellate Court's decision. *Id.* ¶¶ 34, 35. Judge Hall entered an

---

[1] Incorrectly numbered as ¶ 18 in Plaintiff's Third Amended Complaint.

[2] The panel decision was issued by Defendants Greiman and Theis (as well as the late Justice Hartman).

2

order reinstating Gilbert's dismissal, but indicated that the ISBE could act if it felt that it had the authority to do so. *Id*.

Gilbert next requested that the ISBE reconvene his hearing. Third Am. Compl. *Id*. ¶ 37. In April 2005, Defendants ISBE and Jonathan Furr, who was ISBE's legal counsel, determined that, despite their concern that Gilbert had not been given his right to a fair hearing, the ISBE did not have authority to act, because neither the Appellate Court nor the Circuit Court had remanded the case to the ISBE for further proceedings. *Id*. ¶ 38. The record is devoid of any indication that Gilbert appealed either Judge Hall's or the ISBE's rulings on remand.

### B. Procedural History of This Case

On August 16, 2005, Gilbert filed this federal action, but took a voluntary dismissal on November 14, 2005. On May 3, 2006, he moved to re-open the case and on May 23, 2006, he filed a two-count Amended Complaint. Count I alleged a deprivation of due process and sought an injunction requiring that Gilbert's dismissal hearing be reconvened; Count II sought the same injunctive relief as well as a declaration that the Illinois School Code, as applied to Gilbert, was unconstitutional. On March 30, 2007, Judge Guzman issued an order granting in part and denying in part Defendants' Joint Rule 12(b)(1) & (6) Motion to Dismiss. The Court dismissed: (i) Count I without prejudice for lack of jurisdiction based on the *Rooker-Feldman* doctrine; (ii) all claims against the State of Illinois and ISBE without prejudice for lack of jurisdiction based on the Eleventh Amendment; (iii) Count II, in part, without prejudice for lack of jurisdiction to the extent that is seeks an injunction requiring Defendants to reconvene Gilbert's dismissal hearing; and (iv) Count II without prejudice against the judges, the ISBE members and the ISBE attorney sued in their individual capacity. The Court allowed Gilbert to proceed only on a claim for declaratory judgment against District 211 in Court II.

3

Gilbert sought leave to file a Second Amended Complaint on April 30, 2007. On October 30, 2007, Judge Guzman entered an order denying Gilbert leave to file the Second Amended Complaint because he found that it too closely resembled the dismissed portions of the Amended Complaint. Instead, in the same order denying leave to file the Second Amended Complaint, the Court granted Gilbert leave to file a one-count Third Amended Complaint limited "solely" to a claim seeking "a declaratory judgment against the State of Illinois, the ISBE, District 211, as well as the judges, the ISBE members, and the ISBE attorney in their official capacity that the pertinent provisions of the Illinois School Code and the Illinois Administrative Code are void for vagueness."

Gilbert filed the currently operative Third Amended Complaint for Declaratory Relief and Other Relief against Defendants ISBE, Furr, Judge Hall, Justice Greiman, Justice Theis, the State of Illinois, and High School District 211 on November 8, 2007. Notwithstanding the limitations imposed by Judge Guzman, the Third Amended Complaint asks for (i) a declaratory judgment that Sections 24-12 of the Illinois School Code, its implementing regulations in the Illinois Administrative Code, and those portions of Illinois' administrative review law which have been applied to Gilbert so as to deny him an opportunity to defend against dismissal charges are unconstitutional as applied to Gilbert, and a specific finding against all Defendants that they have applied the law against Gilbert in an unconstitutional manner or that they have applied a law that is unconstitutional against him, which has resulted in him being denied his right to due process; (ii) an award of actual, compensatory and punitive damages against Defendant District 211, and any other defendant against whom damages are lawfully available; (iii) an award of attorneys fees; and (iv) an award of any other relief this court might deem just and equitable.

Shortly after Gilbert filed his most recent complaint, the case was reassigned as a part of this Court's initial docket. Defendants filed a Joint Rule 12(b)(1) & (6) Motion to Dismiss the Third Amended Complaint [75] and a Joint Supplemental Rule 12(b)(6) Motion to Dismiss Plaintiff's Third Amended Complaint [94]. Both motions are fully briefed and ready for decision.

## II. Analysis

### A. Legal Standard

Defendants' initial motion to dismiss was made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Although Defendants' supplemental motion was styled as a motion to dismiss pursuant to Rule 12(b)(6), it directly implicates Rule 12(b)(1). In some instances, the form of the motion can be important at the district court level because Rule 12(b)(1), unlike Rule 12(b)(6), permits the court to look beyond the plaintiff's allegations and make factual findings to assess subject-matter jurisdiction. See *Palay v. United States*, 349 F.3d 418, 424-25 (7th Cir. 2003). But the distinction is irrelevant for present purposes for several reasons: (i) the Court has limited its examination to the face of Plaintiff's Third Amended Complaint and other judicially noticeable documents;[3] (ii) the standards by which district courts review the two motions are nearly identical; and (iii) the Court has a duty to ensure the existence of a live case or controversy, and therefore would have been obligated to consider the issues raised in Defendant's supplemental motion *sua sponte*, even if the parties had not briefed those

---

[3] "A court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either (1) 'generally known within the territorial jurisdiction of the trial court' or (2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (citing, *inter alia*, Fed R. Evid. 201(b)). "The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." *Gen. Elec.*, 128 F.3d at 1081 (quoting 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure: Evidence* § 5106, at 505).

issues. Therefore, even if Plaintiff's supplemental motion was incorrectly styled, it will not alter this Court's analysis.[4]

The purpose of a motion to dismiss under either Fed. R. Civ. P. 12(b)(1) or 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 12(b)(1) requires dismissal of claims over which the federal courts lack subject matter jurisdiction. Subject matter jurisdiction is the "courts' statutory or constitutional power to adjudicate the case." *United States v. Lawrence*, 535 F.3d 631, 636 (7th Cir. 2008) (citations omitted). The party invoking the federal courts' subject matter jurisdiction bears the burden of proving that the jurisdictional requirements have been met. *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Notron*, 422 F.3d 490, 502 (7th Cir. 2005).

To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic*, 127 S.Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic*, 127 S.Ct. at 1969.

---

[4] Because the Court has limited its analysis to the complaint and previous orders in this case, any reviewing court will not be obliged to defer to any findings of fact and may treat the ruling in the same manner that it would treat a Rule 12(b)(6) motion. See *Palay v. United States*, 349 F.3d 418, 424-25 (7th Cir. 2003).

6

The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn from those facts. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005) (Rule 12(b)(6)); *Retired Chicago Police Ass'n. v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996) (Rule 12(b)(1)). Prior to the transfer of the case to this Court's docket, Judge Guzman granted Plaintiff leave to file a one-count Third Amended Complaint, seeking a declaratory judgment "that the pertinent provisions of the Illinois School Code and the Illinois Administrative Code are void for vagueness." The Court specifically asked the parties to address "the applicability of the void for vagueness doctrine to civil administrative procedure statues that do not provide for a sanction, penal or otherwise, or proscribe or regulate conduct." Because the Court limited Plaintiff's Third Amended Complaint to that one claim, any other asserted claims are not properly before the Court.[5]

B.    **Defendants' Supplemental Motion to Dismiss on Justiciability Grounds**

Defendants filed their initial motion to dismiss addressing the void for vagueness issue. Subsequently, Defendants filed a supplemental motion to dismiss in which Defendants argue that (i) Plaintiff lacks standing to seek a declaratory judgment, (ii) there is no "case or controversy," and (iii) this Court lacks subject matter jurisdiction. Defendants specifically argue that

---

[5] Although not labeled as such, Plaintiff continues to assert what appears to be an "as applied" challenge to the statute and its implementing regulations. While the October 30, 2007 order did not distinguish between "as applied" and facial challenges, this Court previously held that Plaintiff's "as applied" challenge is barred by the *Rooker-Feldman* doctrine because his alleged injury resulted from the state court judgment itself. See *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996) ("[I]f the injury which the federal plaintiff alleges resulted from the state court judgment itself, the *Rooker-Feldman* controls, and the lower federal courts lack jurisdiction over the claim"). Here, "[Plaintiff's] injury occurred when the Illinois Appellate Court ruled on the merits of the charges against [him] and reinstated his termination, rather than reinstating his termination proceedings." Order of Mar. 30, 2007. Plaintiff's other counts for deprivation of constitutional rights without due process of law in violation of 42 U.S.C. § 1983 also were previously dismissed. See Order of March 30, 2007. In his Response to Defendant's Joint Motion to Dismiss Plaintiff's Third Amended Complaint Plaintiff states that "[t]o the extent that Plaintiff has alleged any matter that has been previously dismissed by the Court and not in accord with Judge Guzman's last order, it is done so only to preserve the issue on appeal." Resp. to Def. Joint Mot. to Dis. Pl's. Third Amend. Compl., at 9.

7

Plaintiff's Third Amended Complaint must be dismissed because Plaintiff fails to allege a continuing harm or reasonable likelihood of such harm reoccurring in the future. Defendants aver that any harm to Plaintiff occurred long in the past and cannot be remedied by any determination that this Court could issue on the merits of Plaintiff's claim. The upshot, according to Defendants, is that there is no "case or controversy" before the Court. In response, Plaintiff does not confront Defendants' arguments, but instead submits that those arguments already were considered and rejected by Judge Guzman in rulings that are now law of the case.

### 1. Law of the Case

Plaintiff lays out the proper standard for "law of the case":

> Generally speaking, a successor judge should not reconsider the decision of a transferor judge at the same hierarchical level of the judiciary when a case is transferred. '[T]he law of the case doctrine in these circumstances reflects the rightful expectation of litigants that a change of judges mid-way through a case will not mean going back to square one.' 'Although the second judge may alter previous rulings if he is convinced they are incorrect, he is not free to do so * * * merely because he has a different view of the law or facts from the first judge.

*Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005) (internal citations omitted).

Initially, Defendants question whether determinations relating to the Court's jurisdiction ever can be considered law of the case and take the position that jurisdiction can be revisited at any time. It is true that subject matter jurisdiction may be *raised* at any time. *Nick's Cigarette City, Inc. v. United States*, 531 F.3d 516, 525 (7th Cir. 2008). In fact, ensuring the existence of subject matter jurisdiction is the court's duty. *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)). While such issues may be *raised* at any time, the cases cited by Defendants leave unresolved the question of the amount of deference, if any, is owed to the rulings of a predecessor judge at the same hierarchical level on jurisdictional issues. At a minimum, "courts are significantly less

constrained by the law of the case doctrine with respect to jurisdictional questions." *Shakman v. Dunne*, 829 F.2d 1387, 1393 (7th Cir. 1987) (citation omitted).  The applicability of law of the case and the level of deference, if any, on jurisdictional questions need not be resolved, however, because Judge Guzman never ruled on the justiciability issues now confronting the Court.

Plaintiff bases his law of the case argument on two previous orders in which, according to Plaintiff, Judge Guzman determined that Plaintiff could proceed with a claim seeking a declaratory judgment that the pertinent Code sections are void for vagueness: (i) the Order of March 30, 2007 denying Defendants' motion to dismiss Plaintiff's claim for declaratory judgment against District 211; and (ii) the Order of October 30, 2007 permitting Plaintiff to "seek[ ] a declaratory judgment against the State of Illinois, the ISBE, District 211, as well as the judges, the ISBE members and the ISBE attorney in their official capacity that the pertinent provisions of the Illinois School Code and the Illinois Administrative Code are void for vagueness * * *."  The law of the case doctrine applies only if the predecessor judge actually issued a "decision" or a "ruling" on the issue.  If no such ruling was made, then the parties could have no "rightful expectation" going forward and law of the case principles present no barrier.

A close reading of Judge Guzman's orders reveals that he never ruled on any issue relating to standing, the existence of a case or controversy, or any other matter relating to justiciability or subject matter jurisdiction in regard to Plaintiff's claim for a declaratory judgment that the provisions identified in Plaintiff's Third Amended Complaint are unconstitutionally vague.  In the March 30, 2007 Order, Judge Guzman did deny Defendants' motion to dismiss the declaratory judgment as to District 211.  However, the issues raised at that point were whether the *Rooker-Feldman* doctrine, collateral estoppel, or *res judicata* barred Plaintiff's claim, and the Court held that they did not.  The Order also stated, possibly addressing

9

pleading requirements, that the "allegations in Count II are sufficient to state a claim against District 211 that the particular provisions of the Illinois School Code and Administrative Act do not put an ordinary person of reasonable intelligence on notice that requesting the equivalent of a directed verdict at the administrative hearing constitutes a waiver of a due process hearing itself."

The October 30, 2007 Order likewise cannot be considered a "judgment" or "decision" for law of the case purposes. The Court did grant leave to file a Third Amended Complaint *alleging* solely the void for vagueness claim and seeking a declaratory judgment. But Judge Guzman did not consider the propriety of *maintaining* an action for declaratory relief for past harms based on a void for vagueness argument. Indeed, there is nothing in the record that suggests that the parties raised, or the Court considered, any of the arguments raised in Defendants' supplemental motion to dismiss. The fact that Judge Guzman granted leave to file a complaint *alleging* such an action is insufficient. Granting a party leave to amend a complaint does not make that complaint unassailable against motions to dismiss, including for lack of subject matter jurisdiction, standing, or lack of a case or controversy.

In short, because there is no evidence that Judge Guzman ruled on the issue now before the Court, there is no law of the case bar – assuming that law of the case principles even apply to jurisdiction questions. Accordingly, the Court now turns to address the arguments presented in Defendants' supplemental motion to dismiss.

### 2. Justiciability Issues

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (citation

omitted). An actual case or controversy requires that the plaintiff show a "personal stake in the outcome" to assure the level of adversity "necessary for the proper resolution of constitutional questions." *Id*. (citation omitted). No federal court may pass upon the constitutionality of state statutes or administrative regulations "except as it is called upon to adjudge the legal rights of litigants in actual controversies." *Golden v. Zwickler*, 394 U.S. 103, 110 (1969). That limitation is recognized expressly in the limitation of the Declaratory Judgment Act to cases "of actual controversy." *Id.* In short, absent an actual case or controversy, a plaintiff lacks standing to proceed with a lawsuit, for the resolution of the question presented would be an advisory opinion, which federal courts established under Article III of the Constitution lack authority to issue. See *id*. at 108.

"When a plaintiff's standing is brought into issue, the relevant inquiry is whether * * * the plaintiff has shown an injury to himself that is likely to be redressed by a favorable decision." *Feit v. Ward*, 886 F.2d 848, 857 (7th Cir. 1989) (quoting *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 38 (1976)). Similarly, when a party seeks declaratory relief, he must establish that "he is in immediate danger of sustaining some direct injury."[6] *Feit*, 866 F.2d at 857 (quoting *Robinson v. City of Chicago*, 868 F.2d 959, 966 (7th Cir. 1989)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief * * * if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).[7] If Plaintiff's only exposure to illegal conduct occurred in the past and there is no likelihood of immediate harm or possibility of redress by the requested relief, then there is no

---

[6] The Supreme Court has noted that case or controversy considerations "obviously shade into those determining whether the complaint states a sound basis for equitable relief." *O'Shea*, 414 U.S. at 499. The case at bar presents no exception.

[7] The Seventh Circuit has extended the same standard to claims for declaratory relief. See *Robinson*, 868 F.2d at 966 n. 5.

11

case or controversy, and Plaintiff is not entitled to equitable relief. See *Shakman*, 829 F.2d at 1394.

Pursuant to Judge Guzman's October 30, 2007 Order, Plaintiff was given leave to file a one count complaint seeking a declaratory judgment that certain provisions of the Illinois School Code and the Illinois Administrative Code are void for vagueness. Plaintiff lacks standing to seek such relief because even if void for vagueness claims were permissible in the civil administrative context, and even if Plaintiff could prove that the provisions at issue are in fact unconstitutionally vague, a declaratory judgment would not redress Plaintiff's injury. A federal court may not issue a declaratory judgment based on past illegal action that Plaintiff is unlikely to face again. Nor can a federal court issue a declaratory judgment because *someone* may be affected by the provisions, if that someone is not the current Plaintiff. See *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, (7th Cir. 2007) (citing *Powell v. McCormack*, 395 U.S. 486, 518 (1969)) ("The availability of declaratory relief depends on whether there is a live dispute between the parties"); *Tobin for Governor v. Ill. State Bd. Of Elections*, 268 F.3d 517, 528 (7th Cir. 2001) (claim for declaratory judgment was moot where "relief * * * would have no impact on the parties to the suit").

In this case, if the Court were to adjudicate Plaintiff's claim in his favor, the result would be an advisory opinion that the challenged provisions are void for vagueness, which federal courts are without constitutional authority to issue. *St. John's United Church of Christ*, 502 F.3d at 627. As both the state trial court and the ISBE concluded, the state court decision terminating Plaintiff's employment is now final,[8] and thus Plaintiff's exposure to allegedly illegal conduct

---

[8] The Appellate Court's Order stated "the decision of the ISBE is reversed in its entirety and the cause is remanded with directions to reinstate the District's termination of Gilbert from his employment." It was then the duty of the "trial court to follow those directions * * *. Such order or decree is, in fact, the

occurred in the past and is complete. The best argument available to Plaintiff (which he failed to make and therefore waived) is that he remains without his tenured position and therefore suffers "continuing, present adverse effects." However, that argument also is unavailing on closer inspection. The "adverse effects" resulting from the illegal conduct must be something that the declaratory judgment would remedy – in other words, the "adverse effects" must be "likely to be redressed by a favorable decision." *Feit*, 886 F.2d at 857. But this Court can offer no such remedy, because the *Rooker-Feldman* doctrine bars a federal court from requiring a return to the hearing stage and Plaintiff has not alleged that he could otherwise obtain a new hearing. In fact, Plaintiff requested such a hearing on remand, and was turned down both by the Circuit Court and the ISBE, both of which found a new hearing foreclosed by the Appellate Court's prior ruling. Plaintiff did not appeal either of those rulings on remand.

The Supreme Court's decision in *O'Shea v. Littleton*, 414 U.S. 488 (1974), is instructive here. Some of the plaintiffs in *O'Shea* alleged that a county magistrate and an associate judge deprived them of their constitutional rights by illegal bond-setting, sentencing, and jury-fee practices. *Id*. at 495. If true, those plaintiffs, much like Gilbert, would have continued to suffer adverse effects. The Court responded that even if plaintiffs had been defendants in the allegedly defective proceedings, the claim was insufficient for two reasons equally applicable to the present facts: (i) past exposure to illegal conduct does not present a case or controversy; and (ii) if the plaintiffs were serving an illegal sentence or on trial, they had selected the improper forum

---

judgment of [the appellate court] promulgated through the trial court, and it is final and conclusive upon all parties." *People v. Nat'l Builders Bank of Chicago*, 147 N.E.2d 42, 44, 12 Ill.2d 473, 477 (1958).

to present their challenge.[9] Similar reasoning was employed in *Facio v. Jones*, where that Court noted that:

> [t]he default against [plaintiff] is final, whether or not the default judgment rules may later be held unconstitutional. Any ruling now that Utah's procedures to vacate default judgment are unconstitutional could not undo the judgment against [plaintiff] anymore than it would undo the countless other default judgments that presumably have been entered in Utah pursuant to this rule and have long since become final."

*Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991). Much like the plaintiff in *Facio*, Gilbert would gain nothing from a declaration of unconstitutionality, despite the fact he still "suffers" the consequences of his termination in the same sense that the plaintiff in *Facio* continued to suffer from the default judgment.

The facts and analysis of the Seventh Circuit's decision in *Feit v. Ward* are equally instructive. In *Feit*, plaintiff was a seasonal employee of the United States Forest Service who was fired for violating what he alleged were unconstitutional policies. 886 F.2d at 849. In upholding the district court's determination that the plaintiff lacked standing, the Seventh Circuit stated that "even if we were to grant the relief he requests, he would not benefit from this relief," because he no longer was employed by the defendant and therefore was not affected by its policies at the time of the federal lawsuit. *Id*. at 857. The same is true for Plaintiff here.[10]

Plaintiff still might have been able to move forward with his claim if he could show some likelihood that he would face similar injury in the future under the "capable of repetition, yet evading review" exception to the usual standing rules. See *Feit*, 886 F.2d at 857; *Robinson*, 868

---

[9] In *O'Shea*, the court noted plaintiffs claims would be barred by *Preiser v. Rodriguez*, 411 U.S. 475 (1973) or *Younger v. Harris*, 401 U.S. 37 (1971). In the present case *Rooker-Feldman* presents a limit to the federal court's power to provide relief.

[10] In *Feit*, Plaintiff did not seek reinstatement; in the present case Plaintiff's termination is final pursuant to the state court decisions.

14

F.2d at 966. In some circumstances, even a "probability rather than certainty of future injury may support standing" to challenge the constitutionality of statutes. *Sierakowski v. Ryan*, 223 F.3d 440, 443 (7th Cir. 2000) (citing *Pennell v. City of San Jose*, 485 U.S. 1 (1988)). But even under a probability standard, Plaintiff is unable to "reasonably show that he will again be subject to alleged illegality." *Id*. As Defendants point out, Plaintiff would have to be rehired as a teacher, acquire tenure, be terminated, commence proceedings under the same administrative provisions, and be subject to the same alleged misapplication of those provisions. The likelihood of such a string of events occurring is far too remote to provide a basis for standing. See *Feit*, 886 F.2d at 858.

The Court's decision that it lacks jurisdiction to hear Plaintiff's complaint may appear unfair, as it leaves Plaintiff without further recourse. But, in reality, Plaintiff had opportunities, which long since have passed, to redress the alleged constitutional violation in state court and then possibly through appeal to United States Supreme Court.[11] Plaintiff did seek rehearing and clarification of the Illinois Appellate Court's order that mandated the Circuit Court to enter termination. In that rehearing and clarification, Plaintiff argued that "if it is the court's intention to remanded [sic] and direct only that Mr. Gilbert's termination be reinstated, such an action would be improper as a clear violation of Mr. Gilbert's most fundamental due process rights." Plaintiff clearly was cognizant at that point of the alleged constitutional violation and that it was "inextricably intertwined" with the merits of his case.[12] Plaintiff sought leave to appeal to the

---

[11] "Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari * * * where the validity of a statute in any State is drawn in question on the ground of its being to the Constitution." 28 U.S.C. § 1257.

[12] While an issue cannot be inextricably intertwined with a state court judgment if the plaintiff did not have a reasonable opportunity to raise the issue in state court (see *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 558 (7th Cir. 1999)), he not only had the opportunity but did in fact raise them. However, he failed to exhaust that route to the United States Supreme Court.

Illinois Supreme Court, pursuant to Illinois Supreme Court Rule ("Ill. S. Ct. R.") 315, which is the route for seeking discretionary review of Appellate Court decisions. But Plaintiff may have missed an opportunity for an appeal of right to the Illinois Supreme Court. If Plaintiff believed, and he apparently did, that his constitutional due process rights had been violated or that he was subject to unconstitutionally vague procedures as a result of the Appellate Court's disposition of his case, he could have appealed to the Illinois Supreme Court as a matter of right pursuant to Ill. S. Ct. R. 317. Rule 317 states that appeals lie to the Supreme Court "as a matter of right in cases * * * in which a question under the Constitution of the United States or of this state arises for the first time in and as a result of the action of the Appellate Court."

It is not for this Court to say conclusively that an appeal under Rule 317 would have been proper. In an event, at the very least Plaintiff could have appealed the Illinois Supreme Court's denial of certiorari to the United States Supreme Court. See *Gen. Auto Serv. Station LLC v. City of Chicago*, 319 F.3d 902, 905 (7th Cir. 2003) ("Decisions of state courts may not be challenged in litigation under § 1983; instead the aggrieved party must pursue all remedies through the state system and then seek certiorari under 28 U.S.C. § 1257"). Plaintiff also could have appealed the Circuit Court's and the ISBE's determinations that they were powerless to reconvene his hearing.

Plaintiff chose not to pursue every available route for possible relief, and instead brought this federal action. But relief in this Court is foreclosed by the application of well settled justiciability rules that prevent federal courts of limited jurisdiction from proceeding where there is no present case or controversy capable of being redressed by the requested ruling. No federal court has jurisdiction to rule on constitutional challenges to state or federal laws or regulations "except as it is called upon to adjudge the legal rights of litigants in actual controversies." *Golden*, 389 U.S. at 110 (quoting *Liverpool, N.Y. & P.S.S. Co. v. Emigration Comm'rs*, 113 U.S.

33, 39 (1885). Plaintiff presents no current controversy and therefore this court lacks jurisdiction to address, much less resolve on the merits, Plaintiff's claim requesting a declaration that certain provisions of the Illinois School Code are void for vagueness.

### III. Conclusion

For the reasons stated above, Defendant's supplemental motion to dismiss Plaintiff's Third Amended Complaint [94] is granted and Defendant's initial motion to dismiss [75] is denied as moot.

Dated: September 24, 2008 _____
Robert M. Dow, Jr.
United States District Judge

17